Bergan, J.
Defendant Robert Smolack owned a 1960 Triumph station wagon which he suggested his brother Arthur Smolack drive with Arthur’s family from New York to Florida in April, 1960. On the way back to New York from Florida an accident occurred in North Carolina while Arthur was driving in which Arthur’s wife was killed and his two children were injured.
This is an action by the administrator of the wife and the guardian of the infant Kenneth S. Smolack and by Melvin M. *201 Smolack, individually since he had reached the age of 21 by the time of trial, against Robert Smolack, as owner, based on Arthur’s negligence. All of the parties to the action, as well as the decedent, were residents of New York. The action was dismissed by the court at Trial Term; the Appellate Division affirmed by a divided court.
The negligence of the driver Arthur Smolack is established prima facie. In driving the car on the return trip to New York the driver noticed the car lost compression and “ was pulling to the right ”. A stop was made at Fayetteville, North Carolina, where an exhaust manifold gasket was replaced and the front end alignment checked.
The car continued to pull to the right between Fayetteville and Weldon and greater left-side pressure had to be maintained on the steering wheel to keep in a straight line. This condition was not further checked by the driver. North of Weldon there was a sharp pulling to the right and the car skidded when the driver pulled the wheel in the opposite direction. The road surface was wet. The driver did not stop after this skid or reduce .speed which had been 35 to 40 miles an hour; and shortly thereafter the car again pulled sharply to the right, went into a skid and overturned.
It could be determined on these facts taken most favorably to the plaintiffs that, in continuing to drive at undiminished speed under these mechanical and road conditions, the operator was negligent. Had the accident occurred in New York his negligence would have been attributed to the defendant owner who had given express permission to operate the car under the statute as it then read (Vehicle and Traffic Law, § 59, .subd. 1; now in identical language § 388, subd. 1).
Under the law of North Carolina the operation of a motor vehicle involved in an accident is evidence prima facie that its use was with the consent of the owner; and that the operator was “ >a person for whose conduct the owner was legally responsible, for the owner’s benefit ” (General Statutes of North Carolina, § 20.71.1, subds. [a], [b]).
This .statute differs from New York law in basic concept. The North Carolina enactment has been construed by the Supreme Court of that State as a rule of evidence. “ Proof of registration or admission of ownership furnishes, by virtue *202 of the statute, prima facie evidence that the driver is agent of the owner in the operation, and is sufficient to support, but not compel, a verdict on the agency issue. It takes the issue to the jury ” (Mitchell v. White, 256 N. C. 437, 441 [1962]).
The statute, as the court noted, ‘ ‘ creates a rule of evidence. It has no other or further force or effect ” (pp. 440-441). Its construction has been developed in a series of decisions: Taylor v. Parks (254 N. C. 266); Johnson v. Thompson (250 N. C. 665); Scott v. Lee (245 N. C. 68); Hartley v. Smith (239 N. C. 170); Travis v. Duckworth (237 N. C. 471).
It would, accordingly, be held in North Carolina that a plaintiff who shows the use of a motor vehicle by a driver not the owner makes out a case sufficient to go to the jury against the owner on both permission and use beneficial to the owner, even though the owner denies the use was beneficial to him; but the jury would be instructed that if it found the use were solely for the benefit of the user, it should return a verdict for the owner.
Thus, under North Carolina law, the defendant owner Robert Smolack would be responsible prima facie for Arthur Smolack’s negligence, but the jury would be told that if it found the use had not been for Robert’s benefit, its verdict would be for Robert. The defendant’s showing of absence of benefit to him, however, would not be conclusive on the jury (see discussion in Johnson v. Thompson, supra, p. 670).
There is some slight evidence in this case that the taking of the car to Florida was, in some part at least, for the benefit of the owner Robert, who used it on two occasions in Florida on his business and this evidence would undoubtedly be competent in support of the prima facie case created by the statute on the question of the 11 owner’s benefit ’ ’.
The New York statute, on the other hand, imposes a responsibility on the owner for negligence by one having permissive use of the vehicle without regard to benefit to the owner, and liability under the New York statute would be much more certain than under the statute of North Carolina on the present record.
We should, accordingly, determine whether, as plaintiffs argue, it would be permissible to apply the New York statute to this *203 case. If Babcock v. Jackson (12 N Y 2d 473) applies to the facts shown by this record, the conflicts of law question should be resolved according to the New York rule of liability.
All of the people involved, as it has been noted, were citizens and domiciliarles of New York; the car was registered in New York; arrangements for its use had been made in New York; and it was on its way back to New York when the accident occurred.
Thus, the locality of the accident itself in North Carolina was the merest lateral chance. The basic juridical components suggest application of New York law. The essential conditions of forum jurisdiction laid down in Babcock, as elucidated and limited in Dym v. Gordon (16 N Y 2d 120) and again strongly reaffirmed in Macey v. Rozbicki (18 N Y 2d 289), accordingly have been met in the present case.
It is true that the New York statute which attributes liability to an owner who has given permission applies in literal terms to the use and operation of a vehicle “ in this state” (former Vehicle and Traffic Law, § 59, subd. 1), but, of course, most statutes regulating motor vehicle operations in terms or by necessary implication are written to apply to the State which enacts them. However, since the present litigation is concerned with New York residents, arising from New York relationships, the rule apportioning liability from these relationships ought to be governed by New York law.
In Macey v. Rozbicki (supra) the accident occurred in Ontario, and, although neither the briefs nor the opinions of the court deal with this aspect of the statute, the implications of the decision suggest that this court did not regard section 388 as a bar to recovery since the owner was deemed to be responsible under New York law for the operation of a vehicle in Ontario with his consent.
The transitory use of the car does not necessarily impose the law of the State of transit on this relationship and, in this respect, the local law of the State of transit as to permissive use of the motor vehicle by its owner is not essentially different in its New York consequence from the law of the State of transit relating to liability to a gratuitous guest considered in Babcock.
In addressing ourselves to the policy of treating this sort of transitory tort arising entirely from New York relationships *204 as governed by New York law, there is no logical basis to distinguish the application to out-of-State accidents of the New York law of liability to gratuitous guests and the New York law of liability arising from permissive use of a vehicle.
Decisions such as Cherwien v. Geiter (272 N. Y. 165) and Miranda v. Lo Curto (249 N. Y. 191), which took a more restrictive view, must be deemed to have yielded to the rule of Babcock, as did those cases which took a more restrictive view of liability to gratuitous guests.
Nor should we place undue emphasis on the term to which reference has been made “ in this state ” in the statute. It is clear that in adding the words ‘ ‘ in this state ’ ’ to the predecessor of subdivision 1 of section 388 (§ 59) in 1958 (L. 1958, ch. 577), the Legislature was not concerned with extraterritorial effect. It was substituting “ in this state ” for the former words “ upon a public highway ’ ’ in order to cover the situation of an accident on private roadways and parking lots (1958 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1958, No. 65], pp. 589-590).
We turn now to the applicability of the New York statute authorizing an action for wrongful death (Decedent Estate Law, § 130) to this out-of-State accident. Prior to our decision in Babcock v. Jackson (12 N Y 2d 473, supra), we consistently followed the choice of law rule that the statute applied “ only to actions brought for damages for a wrong committed here causing the death of a person ”. (Baldwin v. Powell, 294 N. Y. 130, 132; see, e.g., Leonard v. Columbia Steam Nav. Co., 84 N. Y. 48, 53; Whitford v. Panama R. R. Co., 23 N. Y. 465, 475.)
But, as the court noted in Long v. Pan Amer. World Airways (16 N Y 2d 337, 343), it would be “highly incongruous and unreal to have the flexible principle of Babcock apply in a case where the victim of a tort is injured but not where he is killed ”.
Accordingly, when a fatal accident occurs out of State' and New York is, as here, the jurisdiction having “ the most significant relationship ” with the issue presented (Long v. Pan Amer. World Airways, 16 N Y 2d, supra, p. 343), our wrongful death statute determines the rights of the victim’s survivors. (See Gore v. Northeast Airlines, 373 F. 2d 717.) To the extent that earlier decisions declined to give extraterritorial effect to the statute, they are overruled.
*205 The order should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Fuld and Judges Van Voorhis, Burke, Keating and Breitel concur with Judge Bergan ; Judge Scileppi dissents and votes to affirm.
Order reversed, etc.