**Ruth V. JOHNSON, Stanley Johnson, individually and as Father and Natural Guardian of Donald S. Johnson, an infant over the age of 14 years, and Marie Thomas, individually and as Mother and Natural Guardian of Richard Thomas, an infant over the age of 14 years, Plaintiffs,**

v.

**The HERTZ CORPORATION and William Forrester, Defendants.**

**No. 66 Civ. 3386.**

United States District Court,
S. D. New York.

June 30, 1970.

Garrity, Connolly, Lewis & Grimes, New York City, for plaintiffs.

Cymrot, Wolin & Simon, New York City, for The Hertz Corp.

## OPINION

TYLER, District Judge.

The following factual pattern emerges out of the preliminary papers in this case. Plaintiffs are residents and domiciliaries of Massachusetts. On September 12, 1965, they made a brief trip to Pennsylvania in a car registered in Massachusetts and owned by Ruth V. Johnson. While passing through New Jersey, they were involved in an accident. The driver of the car identified himself as William Forrester. The car he was driving was registered in New York and was later traced to The Hertz Corporation, which is incorporated in Delaware but has extensive offices in New York. Plaintiffs say they were unable to locate William Forrester. Suit was filed against Hertz for damages. Hertz contends that William Forrester was unknown to it and that the car must be presumed to have been stolen.

The issue presently before the court is whether the law of New York, New Jersey or Massachusetts is to be applied in determining the liability of the defendant for any damages which may be shown.

The case comes into the federal court on diversity of citizenship; I must therefore apply the principles of conflicts of laws as if I were sitting in a state court in New York. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477 (1941).

Since Babcock v. Jackson, 12 N. Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963), New York courts have employed the "center of gravity" or "grouping of contacts" theory in tort cases raising conflict of laws problems. Specifically, the court is to discover the predominating jurisdiction in regard to each choice of law it must make: "the rule which has evolved clearly in our most recent decisions is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict." Miller v. Miller, 222 N.Y.2d 12, 15–16, 290 N.Y.S.2d 734, 736, 237 N.E.2d 877, 879 (1968).

It is the law dealing with the liability of an owner for the negligence of a driver that is at issue here. Plaintiffs con-

tend that the law of New York should be applied; defendant argues that the law of New Jersey should be applied.

The New York Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, § 388(1) (McKinney 1970), states that:

"Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

The fourth subsection of Section 388 further requires that all insurance issued to the owner of any vehicle subject to the provisions of this section shall, with an interspousal exception, contain coverage for the liability and responsibility provided in Section 388.

Section 388 of the Vehicle and Traffic Law has been interpreted by the New York courts to express "the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant." Continental Auto Lease Corp. v. Campbell, 19 N.Y.2d 350, 352, 280 N.Y.S.2d 123, 124, 227 N.E.2d 28, 29 (1967). It has also been ruled that when an analysis of the interests of competing jurisdictions indicates that New York has the predominant interest in the issue being litigated, this section of the Vehicle and Traffic Law will be applied to accidents which take place outside New York. Farber v. Smolack, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36 (1967).

Under the known facts of this case, the argument for New York's interest in the claims of a Massachusetts plaintiff must be made through analysis of the position of Section 388 among the laws of New York which govern automobile insurance. Through subsection 4 thereof, Section 388 is explicitly tied to the New York laws covering automobile insurance. The relevant policy and operation of the New York insurance laws are laid out in Sections 310–312 of the Vehicle and Traffic Law. In the declaration of purpose covering those sections, the legislature stated that "it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them." N.Y. Vehicle and Traffic Law § 310 (McKinney 1970). To fulfill that policy, the legislature has required all owners of motor vehicles registered in New York to carry at least the minimum insurance laid down by statute. N.Y. Vehicle and Traffic Law §§ 311, 312 (McKinney 1970). Further, that insurance must extend to claims arising out of the ownership, use or operation of a vehicle "within the state of New York, or elsewhere in the United States in North America or the Dominion of Canada." N.Y. Vehicle and Traffic Law § 311 (McKinney 1970).

This final section has been interpreted by the New York courts to show a "commendable concern not only for residents of this State, but residents of other States who may be injured as a result of the activities of New York residents." Tooker v. Lopez, 24 N.Y.2d 569, 577, 301 N.Y.S.2d 519, 533, 249 N.E.2d 394, 408 (1969), see Macey v. Rozbicki, 18 N.Y.2d 289, 292, 274 N.Y.S.2d 591, 221 N.E.2d 380 (1966) (concurring opinion of Keating, J.).

Thus the automobile insurance laws of New York have been held by the courts of the state to express a policy aimed at protecting innocent victims of New York vehicle registrants, whether injured or harmed in New York State or elsewhere. The express yoking of Section 388 to the insurance laws makes it clear that imputed owner liability is part of the general scheme of the insurance laws and therefore must share its stated ends of protecting the innocent victims of tortfeasors. New York has an interest in having its law applied on this issue so that those regulated by its auto insurance policies will be required

to fulfill the ends at which those policies were aimed.

Turning to the possible interests of New Jersey in this issue, both parties are agreed, on the basis of Schimek v. Gibb Truck Rental Agency, 69 N.J.Super. 590, 174 A.2d 641 (1961), that New Jersey follows the common law rule which imposes a more restricted liability on the owner of an automobile involved in an accident when it is driven by another party.

Neither party presents any cogent argument suggesting that New Jersey has a policy that would be violated by following the New York rule of more extended liability in this case. Neither party is a New Jersey resident, and New Jersey has no interest in protecting a New York owner from liability. The issue at stake does not touch rules of the road, accident investigation or the measure of damages, in all of which the defendant argues New Jersey does have an interest.

Nor is there a serious contention that Massachusetts has any policy aimed at restricting the imputed liability of an owner of a car, registered in another state, which is involved in an accident on the basis of which a Massachusetts resident makes claims against the foreign registrant. Massachusetts has statutory rules of evidence which establish that proof of ownership through registration shall be prima facie evidence that the registered auto was operated or controlled by the owner, thus widening the owner's common law liability for imputed negligence. General Laws of Massachusetts, Chap. 231, §§ 85A–85C. While these statutory rules are procedural rather than substantive and so would not be applied in a choice of law situation in a federal court, they clearly indicate that Massachusetts has no policy limiting recovery by a Massachusetts resident for claims made against the owner of a car and rising out of negligence of the driver which is imputed to the owner of the car.

It thus appears that neither New Jersey nor Massachusetts has any interest in the issue at stake here which weighs against New York's policy of expanded liability expressed in the Vehicle and Traffic Law. Accordingly, I rule that New York has an expressed interest in the issue here, that New Jersey has no interest in the issue, in the circumstances of this case, and that the policy of Massachusetts, while not going as far as that of New York, points in the same direction. It is held, therefore, that New York has the predominant interest in this issue and the law of New York will be applied on this issue at trial.

It is so ordered.