■ MICHAEL SCHARFMAN, an Infant, by RALPH SCHARFMAN,
His Father and Natural Guardian, Respondent-Appellant, v
NATIONAL JEWISH HOSPITAL AND RESEARCH CENTER, Appellant-
Respondent.—In a medical malpractice action to recover dam-
ages for personal injuries, etc., the defendant appeals from so
much of an order of the Supreme Court, Kings County (Cle-
mente, J.), dated July 18, 1985, as denied that branch of its
motion which was for summary judgment dismissing the
personal injury cause of action and the plaintiff cross-appeals
from so much of the same order as (1) granted that branch of
the defendant's motion which was for leave to amend its
answer to assert the Statute of Limitations as a bar to the
derivative claim, and (2) denied his cross motion for further
discovery.

Order affirmed, without costs or disbursements.

The plaintiff, Michael Scharfman, an infant, is a resident of
New York. He suffered permanent brain damage allegedly as
a result of his treatment with experimental drugs at the
defendant National Jewish Hospital and Research Center
located in Denver, Colorado. In October 1976, the plaintiff, by
his father and natural guardian Ralph Scharfman, sued the
hospital as sole defendant, alleging that its agents, servants
and/or employees departed from accepted practice in their
medical treatment rendered to him between April 1970 and
July 1973. A second cause of action asserted a derivative
claim on behalf of his father for loss of services and medical
expenses incurred.

Eight years after issue was joined, the defendant moved for
leave to amend its answer to assert the applicable Statute of
Limitations with regard to the derivative claim, and, based
upon such amendment, for dismissal of that cause of action.
The defendant also moved for dismissal of the personal injury
cause of action on the ground that Colorado's hospital quasi-

immunity statute barred the plaintiff's recovery on that cause. Under Colorado's "Captain of the Ship" doctrine, "a hospital cannot be held liable through respondeat superior for the negligence of a physician, even a physician who is employed by the hospital" *(Kitto v Gilbert,* 39 Col App 374, 382, 570 P2d 544, 549). The plaintiff opposed the motion, arguing that the defendant's fraudulent concealment of its malpractice tolled the Statute of Limitations, and that New York law, which would not give the defendant immunity, governs the dispute, and cross-moved for further discovery. Special Term granted that branch of the defendant's motion which was for leave to amend and dismissed the derivative claim, but denied that branch of the defendant's motion which was for summary judgment dismissing the personal injury cause of action and the plaintiff's cross motion for additional discovery. We affirm.

The doctrine of *lex loci delicti* is no longer reflexively applied to resolve conflict-of-law questions in New York. Rather, the courts must apply the law of the jurisdiction which "because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" *(Babcock v Jackson,* 12 NY2d 473, 481). Following *Babcock,* "[i]nterest analysis became the relevant analytical approach to choice of law in tort actions in New York" *(Schultz v Boy Scouts,* 65 NY2d 189, 197; *see also, Tooker v Lopez,* 24 NY2d 569; *Miller v Miller,* 22 NY2d 12).

Here, as in *Babcock,* "New York had an important interest in protecting its own residents injured in a foreign State against unfair or anachronistic statutes of that State" *(Schultz v Boy Scouts, supra,* at p 199). We have previously applied this rule in a case involving a charitable immunity statute. In *Rakaric v Croatian Cultural Club* (76 AD2d 619, *appeal dismissed* 52 NY2d 1072), the parties were all New York residents, but the injury occurred in New Jersey which had a charitable immunity statute barring recovery. We found that the law of New York, the State of common domicile, was applicable rather than New Jersey, the law of the situs, because of the "prevalence of the greater number of contacts with New York * * * coupled with the alternative of having to apply a rejected and archaic principle of charitable immunity under which an infant resident of New York will be left without legal recourse" *(Rakaric v Croatian Cultural Club, supra,* at p 633). While we are not dealing with a charitable immunity statute, this case concerns New York residents facing a Colorado law which immunizes a hospital for the

negligence of its employees, a doctrine contrary to the common law of this State.

In the case at bar, we find that the plaintiff's New York residency and the defendant's activities conducted from a New York office which screens potential patients, constitute significant contacts, and that New York has a significant interest in protecting its residents from Colorado's hospital quasi-immunity law which would bar recovery *(see, Rakaric v Croatian Cultural Club, supra; cf. Schultz v Boy Scouts, supra,* at p 199). We therefore hold that New York law is applicable and affirm the denial of that branch of the defendant's motion which was for summary judgment dismissing the personal injury cause of action.

Where no prejudice is shown, as in the instant case, an amendment of a pleading may be allowed on the eve of, during or even after trial. Also, mere lateness, in the absence of prejudice, is not a barrier to the amendment *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Murray v City of New York,* 43 NY2d 400; *Glasser v Jewish Hosp. & Med. Center,* 82 AD2d 846; CPLR 3025 [b]). Therefore, Special Term did not abuse its discretion in granting that branch of the defendant's motion which was for leave to amend its answer to interpose the defense of the Statute of Limitations with regard to the derivative cause of action and, also, in dismissing that cause of action as untimely. The plaintiff failed to demonstrate that the defendant made any actual affirmative misrepresentations to induce him to forego a timely lawsuit, and, therefore, he is not entitled to a tolling of the Statute of Limitations as to his derivative cause of action (CPLR 214; *see, Simcuski v Saeli,* 44 NY2d 442; *Manno v Levi,* 94 AD2d 556, 564, *affd* 62 NY2d 888, *cert denied sub nom. Fleishman v Lilly & Co.,* 469 US 1192).

Finally, we find no abuse of discretion in the court's denial of further discovery. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.