OPINION OF THE COURT
Titone, J.
Plaintiffs in both of these cases seek damages for personal injuries sustained as a result of two unrelated automobile accidents. The common elements are that both accidents occurred on the West Indies island of Jamaica and both involved vehicles that had been leased from Jamaican companies that were licensed, directly or indirectly, by car rental companies operating or based in New York. Each plaintiff contends that the New York rental concerns may be held liable under Vehicle and Traffic Law § 388, which makes a vehicle owner liable for the negligence of a person using or operating the vehicle with permission. For the reasons that follow, we reject these contentions and hold that Vehicle and Traffic Law § 388 is inapplicable in these circumstances.

*37
Fried v Seippel

Plaintiffs decedent, Andrew Fried, and defendant Alexander Seippel, both New York residents, had gone on a vacation to Jamaica together. Having secured an "Avis” travel voucher in New York, Fried had leased an automobile from West Indies Car Rental, Ltd. (WICR), a Jamaican concern licensed by Avis Rent-A-Car System, Inc. (Avis), which does business in New York. Fried was killed when the rented vehicle in which he and Seippel were driving crossed onto the other side of the road and hit another vehicle head-on. It is unclear which of the two men was driving at the time of the accident.
Fried’s administratrix brought the present action against Seippel, WICR and Avis, alleging that Seippel had been the negligent driver and that Avis was vicariously liable under Vehicle and Traffic Law § 388 by virtue of its de facto ownership of the vehicle in which the accident had occurred. When Avis moved for summary judgment dismissing the complaint against it on the ground that the vehicle was owned by WICR rather than itself, plaintiff countered by arguing that WICR was merely Avis’s alter ego and that Avis rather than WICR should be deemed the vehicle’s true owner. In support of this contention, plaintiff submitted evidence tending to show a close relationship between Avis and WICR.
On the basis of plaintiff’s submissions, the trial court denied Avis’s motion for summary judgment. The Appellate Division affirmed this aspect of the trial court’s order, holding that "issues of fact exist as to whether Avis, although not the owner of the vehicle, is precluded, by virtue of its relationship with * * * WICR, from disclaiming liability” (170 AD2d 303, 304). Both courts below assumed that if Avis were deemed the vehicle’s owner, Vehicle and Traffic Law § 388 would be applicable. The Appellate Division granted Avis leave to take a further appeal, certifying the following question of law: "Was the order of this Court, which modified the order of the Supreme Court, properly made?”[1]

Berkrot v National Car Rental

As in Fried, the injured plaintiff in this case, a New York domiciliary, was involved in an automobile accident while vacationing in Jamaica. At the time of the accident, the car *38 was driven by the injured plaintiffs friend, Catherine Kalmanoff, who was killed as a result of the car’s head-on collision with a minivan. The automobile in question had been leased by Herbert Kalmanoff, the deceased’s husband, from a Jamaican car rental company, Greenlight Car Rentals and Transport Ltd. (Greenlight). Greenlight was the licensee of National Car Rental System International (NCR-International), which, in turn, was licensed by National Car Rental (NCR), a firm doing business in New York.
Plaintiffs commenced an action against NCR, arguing that the New York-based rental company was liable under Vehicle and Traffic Law § 388 because its relationship with the Jamaican vehicle owner of record, Greenlight, was such that Green-light should be deemed NCR’s alter ego and Greenlight’s record ownership of the accident vehicle should be attributed to NCR. Plaintiffs also sued the deceased’s husband, Herbert Kalmanoff, both individually and in his capacity as the administrator of her estate.
NCR moved for summary judgment dismissing the complaint against it on the ground that it was an improper party and on the additional ground that Jamaica, rather than New York, was the proper forum for this action. Plaintiffs responded to NCR’s improper party argument by relying principally on the provisions of the licensing agreement between Greenlight and NCR-International, which, in plaintiffs’ view, demonstrated that NCR, either directly or through its licensee NCR-International, was the true controlling force behind Greenlight. Kalmanoff also moved for summary judgment, both on the ground of forum non conveniens and on the separate ground that the complaint did not state a cause of action against him.
The trial court denied the motions for summary judgment dismissing the complaint on the merits, holding that "an issue of fact is presented as to whether Greenlight is [NCR-International’s] agent and whether the international company is defendant’s agent.”[2] However, the court dismissed the action on forum non conveniens grounds.
On cross appeals by all parties, the Appellate Division agreed that "factual issues exist with respect to [NCR’s] relationship with Green Light” and that summary judgment was therefore improper (175 AD2d 80, 82). The court also *39 found that "factual issues exist as to the possible special relationship and duty owed by defendant Kalmanoff to plaintiffs,” precluding a grant of summary judgment in his favor (id., at 82-83). Finally, the court reversed the dismissal of the action for forum non conveniens, concluding that "[the] litigation has a substantial nexus to New York.” (Id., at 82.) The Appellate Division then granted NCR and Kalmanoff leave to appeal to this Court, certifying the following question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?”
DISCUSSION
In both of these cases, the parties and the courts below focused principally on whether the New York licensors of the Jamaican auto rental agencies should be deemed the "owners” of the accident vehicles for purposes of establishing liability under Vehicle and Traffic Law § 388. To the extent that the parties have discussed the special problem arising from the fact that these accidents occurred in a foreign jurisdiction, they have concentrated their arguments primarily on conflicts-of-laws principles and, more specifically, on whether New York’s "interests analysis”[3] supports application of New York law in the situations presented here. However, even if New York’s substantive law were held applicable to these lawsuits and even if defendants Avis and NCR were deemed the "owners” of the accident vehicles within the meaning of section 388 of New York’s Vehicle and Traffic Law, a question would remain as to whether these accidents involving vehicles registered and operated in Jamaica fall within the statute’s coverage. It is to this question that we now turn.
Section 388 (1) of the Vehicle and Traffic Law provides that "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries * * * resulting from negligence in the use or operation of such vehicle * * * by any person using or operating the same with the permission, express or implied, of such owner.” The statute imposes vicarious liability on vehicle owners for the negligence of anyone using or operating their vehicles with permission. As is evident from the underscored language, however, the literal statutory terms do not impose such liability on owners of *40 vehicles that are "used or operated” exclusively outside of this State’s borders.
It has been suggested that the import of the above-cited limiting language has been modified by this Court’s opinion in Farber v Smolack (20 NY2d 198), in which we explicitly held for the first time that Vehicle and Traffic Law § 388 may be applicable even though the accident in question occurred in another State (cf., Macey v Rozbicki, 18 NY2d 289 [section 388 applied to Ontario accident without mention of extraterritoriality problem]). The Farber Court, however, did not go so far as to hold that liability under section 388 may be premised on ownership of a vehicle that was neither registered nor ever operated or used in New York. To the contrary, the Court was careful to note that, although the accident had occurred in North Carolina, the accident vehicle had been registered in New York, had been used in New York before the accident and had been on its way back to New York after a brief sojourn to Florida at the time the accident occurred (20 NY2d, at 202, 203). Indeed, the holding in Farber has little bearing on the statutory construction problem presented here, since, by virtue of its prior "use * * * or operation] in this state,” the accident vehicle in Farber was indisputably within section 388’s substantive coverage and the only question was whether, as a matter of judicially established cdhflicts principles, New York had a sufficient interest in the controversy to apply its own law. Here, in contrast, it is the substantive applicability of section 388 to these particular accident vehicles that is itself in issue.
Inasmuch as neither Farber nor any of the subsequent cases that the parties have cited suggests that section 388’s in-State use-or-operation requirement should be construed other than in accordance with its common or ordinary meaning,[4] we conclude that the vicarious liability imposed by section 388 (1) does not extend to owners of vehicles that have never been registered, used, operated or intended for use within this State. Indeed, a contrary interpretation would make little *41 sense in light of the over-all legislative scheme governing the protection of automobile accident victims.
Vehicle and Traffic Law § 388 is part of the legislatively prescribed system for protecting innocent victims of automobile accidents by assuring that there will be a financially responsible party who is available to answer in damages (see, Continental Auto Lease Corp. v Campbell, 19 NY2d 350). In addition to making the owner of a vehicle vicariously liable for the negligence of anyone driving it with permission, the statute requires that all vehicle owners procure insurance to cover the liability it creates (see, Vehicle and Traffic Law § 388 [1], [4]). This linkage of an owner’s vicarious liability to an owner’s obligation to maintain adequate insurance coverage suggests that the Legislature’s goal was to ensure that owners of vehicles that are subject to regulation in New York "act responsibly” with regard to those vehicles (Boxer v Gottlieb, 652 F Supp 1056, 1065; accord, Johnson v Hertz Corp., 315 F Supp 302, 304-305). Such a goal would not be advanced by imposing vicarious liability for vehicles having no connection with New York other than the fortuitous circumstance that their owners may be New York residents (cf., Klippel v U-Haul Co., 759 F2d 1176, 1182 [New York "has little or no legitimate interest in providing additional security for * * * New York residents who are injured in other (jurisdictions) while riding in vehicles having no connection with New York”]; see also, Herzog, Conflict of Laws, 27 Syracuse L Rev 17, 29-31 [criticizing Cunningham v McNair (48 AD2d 546) and suggesting that due process would forbid applying New York law in these circumstances]).
Thus, Vehicle and Traffic Law § 388 does not provide a basis for holding Avis or NCR liable in these cases, since, regardless of any theoretical possibility that Avis and NCR were the de facto owners of the accident vehicles, the vehicles were registered, operated and used exclusively on the island of Jamaica, far from New York’s borders. Consequently, they were beyond the statute’s intended reach. Accordingly, the complaints against Avis and NCR should have been dismissed.[5]
We reach a different conclusion with respect to the claim *42 asserted by the Berkrot plaintiffs against defendant Kalmanoff, the lessee of the accident vehicle. In response to his motion for summary judgment, plaintiffs asserted that, as the deceased driver’s husband and physician, Kalmanoff, a medical doctor, should have been aware of certain conditions, notably his wife’s abnormal behavior, inattentiveness and bizarre sleeping patterns, which rendered her unfit to operate a motor vehicle. In light of this knowledge, according to plaintiffs, Kalmanoffs decision to permit the deceased to drive the automobile he had rented was negligent and constituted a breach of a specific duty that he owed to them because they were guests in his Jamaica home and he was aware that the injured plaintiff would be a passenger in the vehicle. Kalmanoff does not dispute that if these allegations were proven to the satisfaction of a fact finder, they would establish his liability for plaintiffs’ injuries. Instead, he argues only that plaintiffs should not be permitted to prosecute their theory because it was not pleaded in their complaint or detailed in their bill of particulars. However, we conclude that the theory’s omission from prior pleadings should not prevent plaintiffs from proving it at trial, since the pleadings at least gave notice of the transactions or occurrences intended to be proved and Kalmanoff has not demonstrated that he has been in any way prejudiced (see, CPLR 3013; see generally, Siegel, NY Prac §208 [2d ed]; cf., CPLR 3016, 3026). Hence, KalmanofFs motion for summary judgment was properly denied.
Accordingly, in Fried v Seippel, the order of the Appellate Division should be reversed, with costs, defendant Avis Rent-A-Car System, Inc.’s motion for summary judgment granted and the certified question answered in the negative. In Berkrot v National Car Rental, the order of the Appellate Division should be modified, with costs to defendant National Car Rental against plaintiffs, by granting National Car Rental’s motion for summary judgment, and, as so modified, affirmed, *43 with costs to plaintiffs against defendant Kalmanoff; the certified question should be answered in the negative.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur.
In Fried v Seippel: Order reversed, etc.
In Berkrot v National Car Rental: Order modified, etc.

. The Appellate Division had modified by granting defendants’ motion to dismiss plaintiff’s individual claim. That aspect of its order is not contested here. The court also granted defendant WICR leave to appeal, but that party’s appeal was dismissed for failure to prosecute.

. The court did not explicitly address the merits of defendant Kalmanoff s motion for summary judgment.

. See, e.g., Schultz v Boy Scouts, 65 NY2d 189; Babcock v Jackson, 12 NY2d 473; Kilberg v Northeast Airlines, 9 NY2d 34.

. It is true that the Farber Court stated that "in adding the words 'in this state’ to [the statute], the Legislature was not concerned with extraterritorial effect” (20 NY2d, at 204). However, that comment, when considered in context, cannot fairly be construed as entirely eliminating the in-State use-or-operation requirement. Rather, the Court was merely indicating that the language in question was not intended to foreclose an owner’s liability under section 388 for an out-of-State accident where the statute, by its terms, is otherwise applicable.

. As an alternative to their Vehicle and Traffic Law § 388 claim, plaintiffs in Berkrot v National Car Rental sought to hold NCR liable under principles of agency law on the theory that, as Greenlight’s principal, NCR was responsible for Greenlight’s negligence in maintaining the accident vehicle. However, plaintiffs offered no proof in response to NCR’s summary judgment motion either that the accident vehicle had been negligently *42 maintained or that a mechanical failure was the proximate cause of the accident. Although plaintiffs contend that further discovery could be helpful in obtaining proof to document this alternative ground for recovery, their contention does not furnish an adequate ground for denying NCR summary judgment, since, apart from sheer speculation, plaintiff has offered no reason to believe that further discovery would be fruitful on this issue. The Berkrot plaintiffs’ additional contention that, if proven to be the vehicle’s true owner, NCR could be held vicariously liable under Jamaican law is similarly unavailing because the substance of Jamaican law was not pleaded in their complaint and no subsequent motion to amend the pleadings was made (see, CPLR 3016 [e]).