■ THOMAS STANLEY, JR., Appellant, v JACK R. PUNCH, III, et al., Defendants, and ASSOCIATES LEASING, INC., et al., Respondents. [827 NYS2d 110]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 31, 2005, which, to the extent appealed from as limited by the briefs, granted the motion by the corporate leasing defendants to dismiss the complaint as against them, unanimously affirmed, without costs.

The motion court correctly found that New Jersey law controls in this case. In light of the split domicile of the parties and the situs of the accident in a third state, the situs state's law controls. "[D]isplacing that normally applicable rule will [not] advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants" (*Neumeier v Kuehner*, 31 NY2d 121, 128 [1972]; see *Cooney v Osgood Mach.*, 81 NY2d 66, 73-74 [1993]).

Vehicle and Traffic Law § 388 does not apply to a vehicle that was "neither registered nor ever operated or used in New York" (*see Fried v Seippel*, 80 NY2d 32, 40 [1992]). The record indicates that the vehicle owned by the corporate leasing defendants was registered outside New York State, and those owners had no New York domicile. Plaintiff concedes that he had not yet entered New York when the accident occurred.

We have not considered plaintiff's arguments as to the domicile of the corporate leasing defendants, inasmuch as plaintiff admits these arguments are based on factual evidence offered for the first time on appeal. Were we to consider these arguments, we would find them unpersuasive. Concur—Sullivan, J.P., Nardelli, Catterson and McGuire, JJ.