138 N.J. Super. 544 (1976)
351 A.2d 767
KEYSTONE INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
WILLIAM E. BOWMAN, DEFENDANT-RESPONDENT, AND AMERICAN ARBITRATION ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1975.
Decided January 23, 1976.
*545 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Ernest F. Picknally argued the cause for appellant (Messrs. Schuenemann & Picknally, attorneys).
Mr. Joseph W. Clarke, Jr., argued the cause for respondent (Mr. Morton B. Wapner on the brief).
Defendant American Arbitration Association did not file a brief.
The opinion of the court was delivered by SEIDMAN, J.A.D.
Plaintiff Keystone Insurance Company, a Pennsylvania corporation, issued a policy of automobile insurance to defendant William E. Bowman, a resident of Pennsylvania. The policy contained a provision for protection against uninsured motorists, with a $10,000 limit.
On November 17, 1969 Bowman, who then lived in New Jersey, was riding as a passenger in a tractor-trailer owned *546 by his employer, Liquid Carbonic Company, and operated by a fellow employee. They were in Louisiana on a trip which had begun in Burlington in this State. The tractor-trailer was involved in a one-vehicle accident, resulting in bodily injury to Bowman.
The liability insurance carriers of both the driver and the employer disclaimed coverage for the occurrence. Thereafter, Bowman made a claim against Keystone under the uninsured motorist coverage of his own policy of automobile insurance. Keystone denied that the provision applied to this situation and refused to make payment.
Bowman then filed a claim petition with the American Arbitration Association. After an exchange of correspondence with counsel for Bowman and Keystone, the American Arbitration Association determined that Philadelphia was the proper locale for the hearings and submitted to them a list of Pennsylvania arbitrators from which a panel would be selected, rejecting Keystone's argument that if the dispute was to be the subject of arbitration (which it did not concede), it should be heard by a New Jersey panel.
Keystone's next move was the filing in this State of a complaint for a declaratory judgment (1) construing the policy of insurance and declaring the rights of the parties, (2) determining which law governed the issue of the liability of the motor vehicle operator, (3) enjoining defendants from having the issue of coverage decided by arbitration, and (4) enjoining defendants from proceeding with arbitration pending final judgment. An order was obtained directing Bowman to show cause why he should not be enjoined "according to the demand of the Complaint until the final judgment in this action."
On the return day of the order the trial judge heard the arguments of counsel and, without apparent objection by either side, proceeded to make a final determination of the case. He ordered that the matter proceed to arbitration, but before a New Jersey panel. Subsequently, on Bowman's motion for reconsideration, an amended order was entered that *547 "the matter be permitted to proceed through the arbitration procedure which has already been commenced in the locale which has already been determined by the American Arbitration Association." Keystone appealed from "the whole of the final judgment."
Neither party complains of the abbreviated manner in which the cause was heard and decided below, or of the trial judge's omission to set forth at the close of the case, at least orally, his findings and conclusions of law (see R. 1:7-4), or, after the filing of the notice of appeal, to file a written opinion stating the findings and conclusions (see R. 2:5-1 (b)). In any event, since the issues involved are essentially legal, we shall dispose of the case on its merits.
The insurance policy involved here contained the following provision for the arbitration of disputes arising under the uninsured motorist coverage section:
If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this part.
Keystone argues that arbitration under the policy is limited to the issues of the liability of the uninsured driver and the amount recoverable. It asserts that the questions in this case go beyond those issues. They include whether a driver can be considered uninsured where he is a fellow employee and the injured passenger has recovered workmen's compensation benefits; whether the injured party here is entitled to additional recovery where his workmen's compensation award exceeded the limit of the uninsured motorist coverage; whether the policy limit is doubled because it *548 covers two cars owned by the insured, which law is to be applied in deciding those questions, and whether it is proper for a New Jersey resident to insist upon arbitration in a jurisdiction "having no rational connection with the issues in question."
The fear is expressed that if the Philadelphia arbitration panel were to decide all the issues in the case, "very little, if any, appellate review is provided from an arbitrator's decision." Keystone accuses Bowman of seeking to evade unfavorable legal principles in this State by "forum shopping."
Bowman contends that (a) Pennsylvania has jurisdiction over the parties and its law controls the interpretation of the insurance contract; (b) we must assume that the Pennsylvania arbitrators will render a fair and impartial decision, and (c) the courts of this State should not interfere with the pending arbitration proceeding.
There is a difference of opinion throughout the country on what issues are encompassed within an arbitration provision like the one here involved. See Annotation, "What Issues are Arbitrable Under the Arbitration Provision of the Uninsured Motorist Insurance," 29 A.L.R.3d 328 (1970). The more widely accepted view, followed in this State, is that arbitration is limited to the issues of the uninsured motorist's negligence and the amount of damages. We held recently, in a case involving an identical and seemingly standard provision, that only two fact questions were to be determined by arbitration, namely, the issue of fault and damages. Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185 (App. Div. 1975). Moreover, it is our view that New Jersey law requires arbitration under such clause only where there is disagreement respecting the claimant's entitlement to recover damages from the owner or operator of an uninsured vehicle or the amount of payment. A close examination of Travelers Indem. Co. v. Mongiovi, 135 N.J. Super. 452 (App. Div. 1975), demonstrates that it is not really to the contrary (see the further exposition of this view in the dissenting opinion of Judge Fritz, 135 N.J. *549 Super. at 459). Recourse to our courts may be had in an appropriate case to determine the threshold issue of whether a particular issues or issues are arbitrable.
In a few jurisdictions, of which Pennsylvania is one, the arbitration provision has been held to be an agreement to arbitrate all issues relating to recovery under the policy. In Preferred Risk Mutual Ins. Co. v. Martin, 436 Pa. 374, 260 A.2d 804 (Sup. Ct. 1970), cert. den., 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970), the court said that "[i]n a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration." See also, National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 236 A.2d 758 (Sup. Ct. 1968).
Keystone charges Bowman with "forum shopping" by seeking "a more favorable climate for his claim in Pennsylvania," and urges us to discourage New Jersey residents from doing so. Yet this is exactly what Keystone has done, for it is clear that it has sought relief in this State in an effort to reap the benefit of a more restrictive interpretation of the arbitration clause.
We discern no substantial reason for interfering with the arbitration proceedings in Pennsylvania. Apart from the fact that arbitration is a judicially favored remedy, N.J. Manu. Ins. Co. v. Haran, 128 N.J. Super. 265, 269 (App. Div. 1974), Keystone cannot validly object to Philadelphia as the site of the hearings. After all, Keystone is a corporation of that state, the policy was issued there and Bowman was a Pennsylvania resident when the contract was entered into.
Moreover, the construction of a contract will ordinarily be governed by the law of the state in which the contract was made, and this general rule is applicable to policies of insurance. Pub. Serv. Coor. Trans. v. Marlo Trucking Co., Inc., 108 N.J. Super. 232, 235 (App. Div. 1970); Kraynick v. Nationwide Ins. Co., 72 N.J. Super. 34, 38 (App. Div. 1962); Buzzone v. Hartford Acc. and Indem. Co., 41 N.J. Super. 511, 514-515 (App. Div. 1956), aff'd, 23 N.J. 447 (1957). *550 We see no reason to depart from this rule in the circumstances here present.
Since the matters here in dispute, pursuant to Pennsylvania law, must go to arbitration, Keystone will not be allowed to avoid it by way of a suit in this State either for injunctive relief or for a declaratory judgment. Cf. Webb v. United Services Automobile Ass'n, 227 Pa. Super. 508, 323 A.2d 737, 739 (Super. Ct. 1974). See also, Pyramid Electric Co. v. Staklinski, 61 N.J. Super. 278, 282 (App. Div. 1960), certif. den. 33 N.J. 117 (1960). Whether the issues, or any of them, may lack substantive merit is not a matter for judicial scrutiny. Jersey Central Power & Light Co. v. Local Union No. 1289, etc., 38 N.J. 95, 104 (1962); Sussleaf-Flemington, Inc. v. Bruce, 84 N.J. Super. 599, 602-603 (App. Div. 1964).
Affirmed.