NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF, v. JOHN MCDERMOTT, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided January 9, 1985.

252

*Daniel J. Pomeroy,* for plaintiff (*Connell, Foley & Geiser,* attorneys).

*Paul J. Jackson,* for defendant (*Jackson & Zampino,* attorneys).

DONALD S. COBURN, J.S.C.

This extraordinary action concerns a thief's claim to uninsured motorist coverage based upon his accomplice's negligence in operating the getaway van.

Plaintiff New Jersey Manufacturers Insurance Company (NJM) sues for a declaratory judgment on the parties' legal rights under an automobile insurance policy and the controlling statutes. More specifically, NJM asks this court to declare that defendant has no right to uninsured motorist (UM) coverage. Defendant contends the matter should be resolved in the arbitration proceeding, which he instituted under the policy. Since the facts are not in dispute, both sides moved for summary judgment. I will grant plaintiff's motion.

On April 22, 1982, defendant John McDermott and his accomplice, John Iuso, entered a business establishment in Newark with the joint criminal purpose of committing theft. When an alarm sounded they leaped into Iuso's uninsured van. Iuso smashed the vehicle through a gate surrounding the property and drove off. Police cars gave chase. Although McDermott repeatedly urged Iuso to stop, the latter, trying to avoid arrest, recklessly drove on until the vehicle crashed, injuring defendant. At the time defendant resided with his mother who owned an automobile insured by NJM. Defendant was an express beneficiary of this provision of the policy's UM coverage:

The *company will pay all sums which the insured* or his legal representative *shall be legally entitled to recover as damages from the owner or operator of*

*an uninsured highway vehicle* because of bodily injury or property damage, (caused by accident) and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company *or, if they fail to agree, by arbitration.* [Emphasis supplied.]

This action was commenced properly under the Declaratory Judgments Act, *N.J.S.A.* 2A:16–50 et seq., since there is a justiciable controversy between interested and adverse parties upon facts that are neither future, contingent, nor uncertain. *U.S.A. Chamber of Commerce v. State,* 89 *N.J.* 131, 140 (1982). Nevertheless, defendant contends that the action may not be maintained because of the clause in the insurance policy which provides that the issue of his legal entitlement to recover against an uninsured driver is subject to arbitration. I reject that contention because the concept of legal entitlement in the mandated UM endorsement limits the arbitrators' jurisdiction to questions of negligence and proximate causation. *Keystone Ins. Co. v. Bowman,* 138 *N.J.Super.* 544, 548 (App.Div.1976). Here negligence and causation are assumed. The issue is whether the policy and statute provide UM coverage at all in these circumstances. And it is "well settled in this State that coverage questions are not arbitrable under the usual arbitration clause contained in an uninsured motorist endorsement." *N.J. Manufacturers Insurance Co. v. Franklin,* 160 *N.J.Super.* 292, 297 (App.Div.1978). Therefore, disposition on the merits is required.

The insurance policy, as mandated by *N.J.S.A.* 17:28–1.1, provides that a UM claimant may recover damages for personal injuries only if he has a valid cause of action against the operator of the uninsured vehicle. There is no such viable claim here because the uninsured operator did not owe defendant a duty to drive the getaway van carefully. In *Goldberg v. Housing Authority,* 38 *N.J.* 578 (1962), Chief Justice Weintraub described the manner in which courts should resolve the issue of duty in a negligence context:

Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution. *Id.* at 583.

What duty can it be fairly said that Iuso owed defendant? To drive as a reasonably prudent getaway man? The absurdity of that concept is plain. Considering the parties' relation, the risks involved in their venture, and their purpose in entering Iuso's van, McDermott had no right under the common law to expect Iuso to operate their escape vehicle as a reasonably prudent person would operate a vehicle in ordinary circumstances. Furthermore, to the extent that deprivation of insurance protection may deter crime the public interest in a safe society is advanced by denying tort actions between criminal accomplices. *Cf., Ruvolo v. American Casualty Co.*, 39 *N.J.* 490, 496 (1963).

Plaintiff also contends that even if a common law duty exists here the relevant statutes bar recognition of defendant's claim. In this regard plaintiff NJM relies on that portion of the New Jersey Automobile Reparation Reform Act of 1972, which permits an insurer to exclude personal injury protection (PIP) benefits for a person injured "while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer....." *N.J.S.A.* 39:6A–7(a)(1). That provision appears in the policy under review and is doubtless standard in the industry. NJM argues that this criminal activity coverage exclusion should be read into the uninsured motorist law by application of the *pari materia* doctrine.

In *Brokenbaugh v. N.J. Manufacturers Ins. Co.*, 158 *N.J.Super.* 424 (App.Div.1978), the Court noted that the "PIP and UM coverage were both part of one 'insurance package'..... As such the statutes providing such coverage are *in pari materia.*" *Id.* at 434. However, recognition of the general principle that these laws are to be construed with reference to each other does not mean that every provision of each law is to be read into the other. The general principle is nothing more

than an aid in finding the legislative intent. *Gorton v. Reliance Insurance Co.,* 77 *N.J.* 563, 570–572 (1978).

The UM provision contains no criminal conduct exclusionary clause. Instead, it relies upon the claimant's ability to demonstrate a common law cause of action for non-economic loss against the uninsured driver in a fault-oriented setting. By contrast, the PIP law gives substantial protection for economic loss to one who may be completely at fault. Thus, the causes of action are completely different in nature and their distinct legislative treatment with respect to the barring of claims is clear and reasonable.

Although NJM's reliance upon *N.J.S.A.* 39:6A–7(a)(1) is rejected, its motion for summary judgment is granted based upon my conclusion that in the peculiar circumstances of this case there existed no common law duty.