705 So.2d 809 (1998)
Henry SALAVARRIA
v.
NATIONAL CAR RENTAL SYSTEM, INC., ABC Insurance Company, et al.
Haydee Rivas ORTIZ, Individually, and as the natural tutrix on Behalf of her minor son, Louis Ortiz
v.
NATIONAL CAR RENTAL SYSTEM, INC., et al.
No. 97-C-2090.
Court of Appeal of Louisiana, Fourth Circuit.
January 21, 1998.
*810 Donna Powe Green, Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, P.L.L.C., Hattiesburg, MS, for Relator.
George H. Troxell, III, New Orleans, for Respondents.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.

STATEMENT OF THE CASE
The relator, National Car Rental System, Inc., filed a motion for summary judgment based on the rule in Louisiana that a self-insured car rental agency has the right to restrict the use of rental vehicles to "authorized users" and, therefore, cannot be held liable for accidents caused by unauthorized users. This motion was denied because the trial court found that Florida law applied. A reversal of the denial of the motion for summary judgment would terminate the litigation as to the relator. Therefore, we have consented to grant relator's application for writs, reverse the judgment of the trial court and render judgment dismissing plaintiffs' claims against relator.
This writ presents a conflicts of law issue. The plaintiffs were the driver and passengers in a car which collided with an automobile owned by National Car Rental Systems, Inc. in 1994. The car had been rented to Mitchell Brogdon, and the driver of the National car, Heather Trempe, was not an authorized driver of the car. The plaintiffs are Louisiana residents. Brogdon and Trempe are Florida residents. National is a Delaware corporation which was doing business in Florida. The contract was entered into in Florida. The accident occurred in Louisiana. National filed a motion for summary judgment arguing that Louisiana law applies. The trial court denied the motion, finding that Florida law controls the contractual obligations arising from National's rental agreement with Brogdon.
The Louisiana Supreme Court has ruled that a self-insured rental car company has the right to limit operation of its vehicles to only those individuals to whom it gives express permission, i.e., those individuals listed as authorized drivers in the rental agreement. Hearty v. Harris, 574 So.2d 1234 (La.1991). Florida law apparently does not distinguish between authorized and unauthorized users of rental cars because it simply holds owners vicariously liable for mere ownership of the vehicle under a dangerous instrumentality law. Relator argues that the trial court improperly ruled that because the National Car Rental System, Inc. car rental agreement was entered into in Florida, Florida law should apply. The relator argues that because Trempe was not a party to the contract, the existence of the contract and whether Florida law applies to the obligation between Brogdon and relator is of no moment in determining the relator's obligation to Trempe. The plaintiffs do not contest the applicability of Louisiana law to the issue of the liability of Trempe, but they contest the issue of the applicability of Louisiana law to the liability of the relator, as owner of the car.
The general conflict of law statute, LSA-C.C. art. 3515 provides:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies *811 and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
LSA-C.C. art. 3542, the general conflict of law provision dealing specifically with delictual obligations would apply the:
[L]aw of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as policies of deterring wrongful conduct and of repairing the consequences of injurious acts.
Comment (b) to LSA-C.C. art. 3542 directs that the rules contained in Articles 3543 through 3546 are more specific, and where applicable, prevail over Article 3542. LSA-C.C. art 3543 provides that issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct occurred. In the instant case there is no dispute that the conduct that resulted in the plaintiffs' injuries occurred in Louisiana, and that Louisiana's standard of care must apply. Comment (a) to Article 3543 states, "[b]y way of illustration, so-called `rules of the road' establish or pertain to `standards of conduct and safety,' whereas rules that impose a ceiling on the amount of compensatory damages or provide immunity from suit are `rules of loss distribution and financial protection.' " Relator's derivative liability is a question of "loss distribution and financial protection." LSA-C.C. art. 3544 provides that issues of loss distribution and financial protections are governed, as between a person injured by an offense and the person who caused the injury, "by the law designated in the following order: * * * * (2) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states; (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state." (Emphasis added.) Since the injured persons in this case are Louisiana residents, and the person who caused the injury (Trempe) is a Florida resident, LSA-C.C. art. 3544(2)(a) is applicable. Since both the injury and the conduct that caused it occurred in Louisiana, and the plaintiffs are Louisiana domiciliaries, Louisiana law should be applied under LSA-C.C. art. 3544(2)(a).
Comment (g) under LSA-C.C. art. 3544(2)(a) reinforces the already clear language of LSA-C.C. art. 3542 in this regard:
Domicile of either party. Subparagraph (2) deals with cases in which, at the time of the injury, the tortfeasor and the victim were not domiciled in the same state. Clause (a) of that subparagraph provides that when both the injurious conduct and the resulting injury occurred in a state where either the tortfeasor or the victim was domiciled, the law of that state shall apply, regardless of whether it provides for a higher or lower standard of financial protection than the law of the domicile of the other party. For rationale and supporting authority, see Symeonides, "Choice of Law for Torts", 453-56. When a person is injured in his home state by conduct in that state, his rights should be determined by the law of that state, even if the person who caused the injury happened to be from another state. The law of the latter state should not be interjected to the victim's detriment or benefit. By the same token, when a person acting within his home state causes injury in that state, he should be held accountable according to the law of that state, even if the injured person happened to be from another state. The law of the latter state should not be interjected to the tortfeasor's detriment or benefit. [Emphasis added.]
The plaintiffs do not contend that relator, National Car Rental System, Inc., is liable to them by virtue of any provision in the rental car agreement. If relator is liable to the plaintiffs, it is only by operation and application *812 of Florida law, not by virtue of any contractual provision. In fact, the terms of the rental contract specifically prohibit the use of the vehicle by any unauthorized driver. It is undisputed that Heather Trempe was not an authorized driver. In boldface uppercase type the rental agreement states:
I UNDERSTAND THAT IF THE VEHICLE IS OBTAINED OR USED FOR ANY PROHIBITED USE OR IN VIOLATION OF THIS AGREEMENT, THEN ANY LIMITATION OF MY RESPONSIBILITY UNDER THIS AGREEMENT SHALL BE VOID AND I SHALL BE FULLY RESPONSIBLE FOR ALL LOSS AND RESULTING DAMAGES, INCLUDING LOSS OF USE, CLAIMS PROCESSING FEES, ADMINISTRATIVE CHARGES, COSTS AND ATTORNEY'S FEES. ALSO, WHERE PERMITTED BY LAW, THE LAW OPTION SHALL BE VOID AND THE LIABILITY, PAI, PEC AND SLI INSURANCE SHALL BY VOID. [Boldface original; emphasis through underlining added.]
We respectfully disagree with the analysis of the First Circuit in Oliver v. Davis, 95 1841 (La.App. 1 Cir. 8/12/96), 679 So.2d 462, writ denied 96-2267 (La.11/15/96), 682 So.2d 773 which involved a fact situation with much in common with the instant case. In Oliver the court stated that applying Florida's "dangerous instrumentality" theory of liability could be of benefit to the car rental agency:
A rental agency would thereby be able to determine its risk of liability under the law of one state rather than having to determine the risk of liability under the laws of each state through which the vehicle travels.
Oliver, p. 9, 679 So.2d at 467.
The relator in this case resists having this unwanted "benefit" conferred upon it just as vigorously as did the rental agency in Oliver, leading this Court to conclude that it is not really a benefit to car rental agencies. The conclusion of this Court is supported by the language underlined in the boldface quoted above from the rental agreement ("WHERE PERMITTED BY LAW"). This language is a clear indication that the rental agency contemplated the potential application of different laws in different jurisdictions and sought to take advantage of those variations where permitted. We conclude that multi-state consistency of results for the benefit of the car rental agency is not a valid basis for preferring Florida law under the facts of this case.
The Oliver court suggested that we should also consider which state's policy would be most seriously impaired if its law were not applied to the issue pursuant to LSA-C.C. art. 3515. The Oliver court suggests that a Louisiana court might conclude that Florida's law of vicarious liability would be most seriously impaired if Louisiana law were not applied. But that is not what seriously impaired means. By that standard the state whose law is not applied would always be the most seriously impaired. "Seriously impaired" refers to the interest the state has in seeing its policies effectuated relative to the facts of the case, i.e., does the state have such contacts with the cause of action that the failure to apply its laws results in a disproportionate frustration of that state's policies relative to the contacts with that state giving rise to the litigation. In the instant case, Louisiana's policies governing "loss distribution and financial protection" would be most seriously impaired by the application of Florida law because the overwhelming preponderance of the contacts out of which this litigation arises are with the state of Louisiana.
Oliver states that "the application of Florida law to the vicarious liability issue would not impair the policies promoted by Louisiana of protecting its injured citizens." Id. p. 10, 679 So.2d at 468. The effect of this approach would be to apply the law of greatest recovery in all conflict situations, because affording the greatest recovery would never "impair the policies promoted by Louisiana of protecting its injured citizens." But that is not the proper standard. Comment (g) to LSA-C.C. art. 3544(2)(a) quoted above makes it clear that the choice is not to be based on either the benefit or detriment to the litigants.
The Oliver court treats the enforcement of Florida's "dangerous instrumentality" law *813 as an end in itself from Florida's perspective. However, it is not the enforcement of any particular law that is at issue when "impairment of policies" is referred to in conflict of law situations. It is the state policies that those laws seek to effectuate that are at issue. We must determine what Florida is trying to achieve through the mechanism of its "dangerous instrumentalityvicarious liability law." If the goal of the Florida law is to make Florida roads safer, its application to the facts of this case will not achieve that purpose. The accident occurred in Louisiana. If the goal of the Florida law is to ensure recovery for Florida residents or those injured on Florida roads, its application to the facts of this case will not achieve that purpose. The injured parties are all Louisiana residents, injured in Louisiana. Florida's policies are only impaired if those policies include a concern for the safety of Louisiana roads, or a concern for the protection and recovery of Louisiana residents injured in Louisiana. Clearly Florida has no such policies or concerns, and any attempt by Florida to enact extra-territorial laws to effectuate such policies would represent an unconstitutional overreaching, and are obviously not the policies of the state of Florida. Neither Oliver, nor respondents have been able to articulate any genuine interest that Florida might have in the application of its law of vicarious liability to the facts of the instant case. Nor have the respondents any legitimate expectations that if injured while driving Louisiana roads that Florida law would apply.
Moreover, Oliver relies heavily on the Florida case of Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla.App. 1 Dist. 1987). But in Stallworth the injured plaintiff happened to also be a Florida resident suing in a Florida court. The Florida court applied Florida choice of law rules which have no precedential persuasive authority in Louisiana. Florida's interest in enforcing its dangerous instrumentality doctrine in Stallworth is not relevant to the instant case.
The plaintiffs also argue that summary judgment is not appropriate because there is a factual issue as to whether Brogdon was a licensed driver. However, that issue is irrelevant because Brogdon was not the driver and his driving record is therefore not at issue.
There are no genuine issues of material fact. Relator is entitled to judgment as a matter of law regardless of whether we apply the pre or post Act 483 of 1997 summary judgment law. Therefore, we reverse the judgment of the trial court and render judgment in favor of relator, National Car Rental Systems, Inc., dismissing plaintiff's claims against relator with prejudice at plaintiffs' cost, and remand for further proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED.