**Kim TOLLIVER, et al.**

v.

**Danny NAOR, et al.**

**No. Civ.A. 99–586.**

United States District Court,
E.D. Louisiana.

Sept. 28, 2000.

698

Vincent Lee Bowers, Morris Bart, PLC, New Orleans, LA, Vincent J. Glorioso, Jr., Terence Scott Ziegler, Maria B. Glorioso, Glorioso Law Firm, New Orleans, LA, for Kim Tolliver.

Allen Joseph Krouse, III, Heather A. Cross, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Danny Noar, American Transfer Moving Systems, Inc., American Transfer Moving, American Transfer Company, Us Storage Inc., Piazza Van Lines Inc., All American Moving Systems, A-One Trucking Inc., American Classic Moving, Nial Moving Company, Inc.,

Kristopher T. Wilson, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for Continental Cas. Ins. Co., Ryder TRS Inc., 1510 So. Blvd. Corp.

Andrew Wayne Martin, Jr., McGlinchey, Stafford & Lang, New Orleans, LA, Colvin Gamble Norwood, Jr., Gary Gerard Hebert, McGlinchey Stafford, PLLC, New Orleans, LA, for DaimlerChrysler Corp.

John William Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for CGU.

Ernest Lynwood O'Bannon, John William Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for General Acc. Ins. Co. of America.

### ORDER & REASONS

FALLON, District Judge.

Before the Court are the following motions: (1) the motion in limine of plaintiffs Robert Allen, Jr. and Rhonda Beasley, (2) the motion in limine of plaintiff Kim Tolliver; and (3) the motion in limine of plaintiffs Patricia Tolliver Dillon, Charles Tolliver, Robin Allen and Robert Allen, Sr. Each of the plaintiffs seek a declaration from this Court that § 388 of the Vehicle and Traffic Law of New York is applicable to their claims against defendant Ryder TRS, Inc. For the following reasons, the motions are DENIED.

### I. BACKGROUND

This suit arises out of an automobile accident that occurred on December 31, 1998 on Interstate 10 in St. Charles Parish, Louisiana. Plaintiffs allege that a 1990 Plymouth Acclaim owned by plaintiff

Rhonda Beasley and operated by plaintiff Robert Allen, Jr., was in the emergency stopping lane of eastbound Interstate 10 due to a flat tire, when it was struck from behind by a moving truck operated by defendant Danny Naor and owned by defendant Ryder TRS, Inc. ("Ryder"). The Acclaim burst into flames, killing Allen's mother, Ora Tolliver, and Rhonda Beasley's two children, Cedrica Daniels and Michael Beasley, who were in the rear seats of the car. Allen was severely burned and paralyzed; Rhonda Beasley was injured less seriously.

On January 15, 1999, Kim Tolliver, the son of Ora Tolliver, filed suit for the death of his mother in the 29th Judicial District Court for the Parish of St. Charles ("29th JDC"). Kim Tolliver subsequently filed another suit in the same state court on behalf of and as provisional curator for his brother, Robert Allen, Jr. Patricia Tolliver Dillon and Robert Allen, Sr., filed a survivor and wrongful death suit on behalf of Ora Tolliver, also in the 29th JDC. These three suits were removed to this Court and consolidated. Rhonda Beasley filed suit in the United States District Court for the Eastern District of New York, where the truck was leased. Despite his pending lawsuit in Louisiana, Robert Allen, Jr., joined Rhonda Beasley as a plaintiff in the New York district court. Those suits (the "Beasley actions") were transferred from the Eastern District of New York to the Eastern District of Louisiana and ultimately consolidated with the suits removed to this Court from state court ("the Louisiana actions"). An action filed by Michael Beasley, Sr., who seeks to recover for the death of his child, remains in Louisiana state court. That case was not removed because the Louisiana Department of Public Safety is a named defendant.

Plaintiffs aver that the Acclaim was entirely in the interstate's emergency lane when Danny Naor negligently drove the truck off the main portion of the highway and into the rear end of the disabled vehicle. Plaintiffs also assert that the Ryder truck was leased by defendant American Transfer Moving Systems, which is alleg-
edly one of a number of "shell" corporations through which profits are passed to one Arie Grinboum. Plaintiffs have also asserted products liability claims against defendant Daimler Chrysler Corporation, which is the successor to Chrysler Corporation and the manufacturer of the Acclaim involved in the accident.

At the time of the accident, all five occupants of the Acclaim were Mississippi domiciliaries. Plaintiffs Kim Tolliver and Patricia Tolliver Dillon are Louisiana domiciliaries. Plaintiff Robert Allen, Sr., is a Mississippi domiciliary. At the time of the accident, plaintiff Robin Allen was a California domiciliary but has since changed her domicile to Mississippi. Charles Tolliver is a California domiciliary. At the time of the accident, defendant Danny Naor, the driver of the truck, was an Israeli national residing in New York. After the accident he returned to Israel where he is now residing. The moving truck bore Virginia license plates and was owned by Ryder, a Delaware corporation with its principal place of business in Colorado. The truck was leased in New York by 1510 Southern Boulevard Corporation, a New York corporation, to American Transfer Moving Systems, Inc./Piazza Van Lines, another New York corporation. At the time of the accident, the Acclaim was heading to a New Year's Eve party in New Orleans and the truck was delivering furniture from Lafayette to New Orleans. In summary, plaintiffs are Louisiana, Mississippi and California domiciliaries; the tortfeasor was a New York resident; the truck's owner is a corporation with Delaware and Colorado citizenship; the truck was registered in Virginia and leased in New York; and the automobile accident occurred in Louisiana.

## II. MOTIONS IN LIMINE

The plaintiffs argue that in both the Beasley actions and the Louisiana actions, New York's § 388 (or "owner liability law") should be applied to hold Ryder vicariously liable for the negligence of the

truck's driver. In support of their motions, plaintiffs have produced the declarations of Professors Andreas Lowenfeld and Linda Silberman regarding the Beasley actions and the declaration of Professor Joachim Zekoll with regard to the Louisiana actions. These professors conclude that the respective courts of New York and Louisiana would apply New York's owner liability law to hold Ryder vicariously liable for the plaintiffs' damages attributable to the negligence of the truck's lessee in these consolidated cases.

Defendant Ryder responds that the Louisiana courts and the courts of New York would apply Louisiana law to the issue at hand and, thus, only impose liability on Ryder for negligent entrustment of the truck. In support of its opposition to the plaintiffs' motion, Ryder provided the declaration of Dean Patrick Borchers, who concludes that New York courts would decline to apply § 388 of New York's Vehicle and Traffic Law; instead, New York courts would apply the law of Louisiana, which does not impose liability on a vehicle's owner absent a showing of negligent entrustment.

### III. CHOICE OF LAW RULES

As a threshold matter, this Court must determine that there is an actual conflict of law before conducting a conflict of law analysis. Specifically, the loss distribution rules of Louisiana, Mississippi, California and New York must be in conflict.

■ In Louisiana, it is well established that the lessor of a motor vehicle is not liable for negligent acts committed by its lessee unless the lessor negligently entrusts the vehicle to the lessee. *See Francis v. Crawford,* 732 So.2d 152, 155 (La. App. 2 Cir.1999); *Payne v. Blankenship,* 558 So.2d 1316, 1317 (La.App. 4 Cir.1990). Like Louisiana law, the law of Mississippi does not hold an owner of a vehicle vicariously liable for the negligence of a lessee or bailee. *See Woods v. Nichols,* 416 So.2d 659, 664 (Miss.1982). California law imposes vicarious liability upon a vehicle's owner, but limits the liability to $15,000. *See* Cal.Veh.Code §§ 17150, 17151.

■ In contrast, § 388 of the New York Vehicle and Traffic Law provides in pertinent part:

Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or other wise, by any person using or operating the same with the permission, express or implied, of such owner.

New York law thus imposes vicarious liability upon the owner of a motor vehicle who voluntarily entrusts it to another. Because the laws of the relevant jurisdictions are in sharp conflict on the issue of loss distribution, this Court must employ a conflict of law analysis to determine what law applies.

■ The jurisdictional basis of the Louisiana actions is diversity. In a diversity suit, the Court must apply the choice of law rules of the forum state to determine what substantive law to apply. *See Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Allison v. ITE Imperial Corp.,* 928 F.2d 137, 138 (5th Cir.1991). However, when an action is transferred under 28 U.S.C. § 1404, as were the Beasley actions, the transferee court must apply the choice of law rules of the transferor court. *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Accordingly, to determine the applicable substantive law, this Court will apply Louisiana choice of law rules to the Louisiana actions and New York choice of law rules to the Beasley actions, which were transferred to this district from the Eastern District of New York.

### IV. ANALYSIS

#### A. The Louisiana Actions

■ Louisiana Civil Code Article 3542 is the general conflict of law provision ad-

dressing delictual obligations, but when the more specific rules in Articles 3543 through 3546 apply, they prevail over Article 3542. *See* LSA–C.C. art. 3542 Comment (b), *Salavarria v. National Car Rental Sys., Inc.*, 705 So.2d 809, 811 (La. App. 4 Cir.1998). Article 3544 applies to conflict of law issues pertaining to loss distribution and financial protection and provides that "[i]f, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states: (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state." In this case, "injured persons" include the Louisiana domiciled plaintiffs Kim Tolliver and Patricia Tolliver Dillon, who seek to recover for the wrongful death of their mother, Ora Tolliver. *See* LSA–C.C. art. 3544 Comment (b). At the time of the accident, the driver of the Ryder truck which struck the Acclaim was an Israeli national residing in New York and the Acclaim's occupants were Mississippi domiciliaries. The collision and resulting injuries occurred on a Louisiana highway while the Ryder truck and the Acclaim were destined for New Orleans.

### 1. The Louisiana-domiciled plaintiffs

■ Article 3544(2) squarely governs the claims of the Louisiana-domiciled plaintiffs. *See also Salavarria*, 705 So.2d at 811 (holding that Article 3544(2)(a) required application of Louisiana law, rather than Florida's vicariously liability law, when plaintiffs injured in automobile collision were Louisiana domiciliaries, driver and renter of other car were Florida resi-

dents, car was rented in Florida, and accident occurred in Louisiana).[1] Because the injury and the conduct that caused it occurred in Louisiana, the domicile of Kim Tolliver and Patricia Tolliver Dillon, Louisiana law clearly applies. *See* LSA–C.C. 3544(2)(a).

### 2. The Mississippi-domiciled plaintiffs

■ The Court finds that Article 3544 also applies to the claims asserted by Mississippi domiciliaries.[2] Comment (f) to Article 3544 states that persons domiciled in states whose law is substantially identical should be treated as if they were domiciled in the same state. As stated above, the law of Mississippi and Louisiana are alike on the relevant issues. Therefore, the law of Louisiana should govern issues of loss distribution between the defendants and the plaintiffs domiciled in Mississippi, just as it would between the defendants and plaintiffs domiciled in Louisiana.

### 3. The California-domiciled plaintiffs

■ With regard to the claims made by plaintiffs Robin Allen and Charles Tolliver, the Court notes that the law of California imposes vicarious liability on a vehicle's owner but limits the liability to $15,000.[3] Thus, California's law is not similar to either Louisiana's law or New York's law. However, the Court concludes that Louisiana law is applicable to the California-domiciled plaintiffs' claims for wrongful death of a Mississippi domiciliary. It would make little sense to apply the law of a place other than Louisiana, where the accident occurred, simply

---

**1.** Another Louisiana appellate court reached a different conclusion in a suit by Louisiana plaintiffs against Florida residents driving a car rented and registered in Florida, though the accident occurred in Louisiana. *See Oliver v. Davis*, 679 So.2d 462 (La.App. 1 Cir. 1996). However, that case is distinguishable in that the appellate court relied in large part on what law a Florida court would apply using Florida choice of law principles. *See id.* at 467–68.

**2.** The Court notes that Robert Allen, Jr., moved to Louisiana after the accident. *See*

Def.'s Ex. R–1. This fact may be relevant for purposes of Article 3542. *See* LSA–C.C. 3544 Comment (d)

**3.** It is not clear that the either Robin Allen or Charles Tolliver were domiciled in California, not Mississippi, at the time of the accident. *See* Def.'s Ex. R–1D, R–1E. Indeed, Robin Allen moved to Mississippi after the accident. Both plaintiffs will be treated as California domiciliaries for the sake of argument, however, since the ultimate result is the same.

because the wrongful death claimant was domiciled in a different state from the majority of the plaintiffs. As discussed below, the application of Louisiana law is not in conflict with the principles of Article 3542, Louisiana's general choice of law article. Accordingly, Louisiana law, rather than New York's § 388, will apply to claims made by California domiciliaries.

Plaintiffs argue that Article 3547 mandates the application of New York's owner liability law in this case. The Court disagrees. As stated above, Article 3544 clearly governs the claims made by Louisiana and Mississippi domiciliaries. Application of Louisiana law to claims made by California domiciliaries is consistent with Article 3542. Further, Article 3547 is applicable only when the totality of the circumstances of an exceptional case demonstrate that "it is clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue." LSA–C.C. art. 3547. Because it is not clearly evident that the law of another state would be seriously impaired by application of Louisiana law in this case, Article 3547 does not apply.

Even if Article 3544 did not govern these facts, the Court finds that the general choice of law article does not mandate application of § 388. Plaintiffs, who are not New York domiciliaries, have not demonstrated that New York's policies would be seriously impaired if New York's owner liability law is not applied in this case, where the injuries arose from a Louisiana accident. As explained by a Louisiana appellate court faced with similar facts, "seriously impaired refers to the interest the state has in seeing its policies effectuated relative to the facts of the case." *Salavarria*, 705 So.2d at 812–13 (noting that Comment (g) to Article 3544 reflects the legislature's belief that choice of law should be decided on a state's interest in the case, rather than the potential benefit or detriment to the litigants). In light of this

principle, application of Louisiana law is appropriate in this case, where at least two of the plaintiffs are Louisiana residents and the accident occurred on a Louisiana highway. On the other hand, Louisiana's policies would be impaired if its law is not applied to these facts merely because the truck's driver was a New York resident and the truck was rented in New York. Furthermore, application of Louisiana law will not thwart the justified expectations of the Louisiana, Mississippi or California plaintiffs. *See* LSA–C.C. art. 3515, 3542.

## B. The Beasley Actions

As to the suits filed in New York, this Court will look to New York's conflict of law rules as would the transferor court. *See Klaxon*, 313 U.S. at 496, 61 S.Ct. 1020. In cases arising from automobile accidents that occur outside New York, the New York Court of Appeals has enunciated rules for resolving conflicts of law issues.[4] *See Buglioli v. Enterprise Rent–A–Car*, 811 F.Supp. 105, 108 (E.D.N.Y.1993), *aff'd*, 999 F.2d 536 (2d Cir.1993) (table). As a general rule, where a non-domiciliary is injured in an automobile accident outside New York, the loss distribution rules of the place of injury will apply. *See id.*; *Tkaczevski v. Ryder Truck Rental, Inc.*, 22 F.Supp.2d 169, 172 (S.D.N.Y.1998).

In *Neumeier v. Kuehner*, the New York Court of Appeals recognized as a rule that when the injured party and the tortfeasor are domiciled in different states, the normal

> rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.

31 N.Y.2d 121, 128, 335 N.Y.S.2d 64, 70, 286 N.E.2d 454 (1972). The *Buglioli* court

---

4. The parties are in substantial agreement that *Neumeier v. Kuehner* lends guidance here.

They disagree, however, on the result of applying the *Neumeier* rules to these facts.

applied this rule and concluded that New York's owner liability statute did not apply in a case involving a New Jersey plaintiff injured in New Jersey by an automobile rented in New York and owned by a corporation doing business in New York. *See Buglioli*, 811 F.Supp. at 108. The district court saw no reason to depart from the rule enunciated in *Neumeier*, which required application of the law of the place of injury, noting that "New York has no interest in permitting a New Jersey plaintiff to impose vicarious liability on the New York owner of an automobile involved [outside the state] simply because the owner is a New York domiciliary." *Id.* The Second Circuit affirmed. *See* 999 F.2d 536 (2d Cir.1993) (table), *see also Heisler v. Toyota Motor Credit Corp.*, 884 F.Supp. 128, 131–32 (S.D.N.Y.1995) (declining to apply § 388 over law of place of accident when car's driver and injured parties were domiciled in different states because plaintiffs did not demonstrate why general rule of *Neumeier* # 3 should be displaced).

In this case, a truck registered in Virginia, rented in New York and owned by a Delaware and Colorado corporation doing business in New York collided with a car whose passengers were Mississippi domiciliaries. The accident occurred on a Louisiana highway while both vehicles were destined for New Orleans. The truck was driving cargo from Lafayette, Louisiana, to New Orleans, Louisiana. The third *Neumeier* rule generally mandates application of the law of the state where the accident occured, here Louisiana. Like the *Buglioli* court, this Court sees no reason to depart from the general rule merely because the Ryder truck was rented in and originated in New York. The Court is unable to state that great uncertainty would not result from application of New York's owner liability law merely because a truck rented in New York was involved in an auto accident on a Louisiana highway, resulting in injury to Louisiana, Mississippi and California residents.

Furthermore, the Court notes that the truck in this case was rented in ten different states in the twelve months preceding the accident. This fact makes it seem merely fortuitous that the truck was rented in New York prior to the accident at issue.

Both plaintiffs and defendants argue against the asymmetrical application of law due solely to the place the respective suits were filed. Louisiana law clearly applies to the Louisiana litigants. Application of New York law to the New York litigation would create incongruous results, encourage forum shopping, and lead to chaos. But in this case, the conflict of law rules of both Louisiana and New York indicate that Louisiana's law should be applied because the accident occurred in Louisiana between domiciliaries of different states. Because Louisiana law is the applicable law in both the Beasley actions and the Louisiana actions, the undesirable application of different law, due solely to the place of filing, is averted.

## V. CONCLUSION

For the foregoing reasons, the Court determines that Louisiana law should apply to issues of loss distribution or allocation in each action of this consolidated case. Accordingly, the plaintiffs' motions in limine are DENIED.