■ KAREN BEGLEY et al., Respondents, v CITY OF NEW YORK et al., Respondents, and FORUM SCHOOL, Appellant. [878 NYS2d 770]—

In an action to recover damages for personal injuries and wrongful death, the defendant Forum School appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 20, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it is immune from liability under New Jersey's charitable immunity statute (NJ Stat Ann § 2A:53A-7).

Ordered that the order is affirmed insofar as appeal from, with costs.

In this action, the plaintiffs, who reside in New York, allege that their son was exposed to various substances at the Forum School in New Jersey, which caused a severe allergic reaction that led to his death. The Forum School moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it on the ground that it is immune from liability under New Jersey's charitable immunity statute (NJ Stat Ann § 2A:53A-7), which provides, in relevant part, that a

nonprofit organization that is organized exclusively for educational purposes is not liable for damages caused by the charity's negligence. This case presents a conflict of law problem because the New York Court of Appeals abandoned the concept of charitable immunity more than 50 years ago on the ground that it "was out of tune with the life about us, at variance with modern day needs and with concepts of justice and fair dealing" (*Bing v Thunig,* 2 NY2d 656, 667 [1957]).

Where, as here, there is a "true conflict" between the law of New Jersey and the law of New York and the local law in each jurisdiction favors its own domiciliary, the law of the place of the injury ordinarily governs the case (*see Neumeier v Kuehner,* 31 NY2d 121, 128 [1972]). In this case, however, the Supreme Court properly applied the public policy exception to the ordinary choice of law rule because (1) there were sufficient contacts between the parties, the occurrence, and New York and (2) enforcing New Jersey's charitable immunity statute would violate the public policy of New York State (*see Schultz v Boy Scouts of Am.,* 65 NY2d 189, 202 [1985]) as embodied in the New York State Constitution, article I, § 16 and judicial decisions (*see Rosenthal v Warren,* 374 F Supp 522 [1974]; *Scharfman v National Jewish Hosp. & Research Ctr.,* 122 AD2d 939 [1986]; *Rakaric v Croatian Cultural Club "Cardinal Stepinac Org.",* 76 AD2d 619 [1980]). Spolzino, J.P., Florio, Miller and Eng, JJ., concur. [*See* 15 Misc 3d 1107(A), 2007 NY Slip Op 50530(U).]